

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Van Halle McFarland
County Attorney
Maverick County
Eagle Pass, Texas

Dear Sir:

Opinion No. O-4651
Re: Sale of public lands, gravel
and caliche by county

Your telegraphic request for opinion has been re-
ceived and carefully considered by this department. We quote
from your request as follows:

"County owns land not belonging to school
fund and desires sell gravel and caliche Stop
Is such sale governed by Article 1577 Stop My
opinion yes Stop If so what length of time re-
quired for advertisement Stop My opinion Arti-
cle 3808 controls Stop Answer collect by Western
Union"

You do not inform us in your telegram whether the
sale of the gravel and caliche will constitute a sale of real
property or of personal property. Of course, this would be
governed by the type of contract, conveyance or deed given by
the county. We respectfully call your attention to the case
of Dreeben v. Whitehurst, 68 S. W. (2d) 1025 (Texas Commission
of Appeals), 45 S. W. (2d) 705 (Dallas Court of Civil Appeals),
which construed a certain conveyance to 70,000 cubic yards of
gravel to be a conveyance of personal property rather than of
real property. This case contains an excellent discussion
of the distinction between conveyances as constituting real
or personal property.

If the conveyance or sale of the gravel and caliche
constitutes a sale of real property, Article 1577, Vernon's
Annotated Texas Civil Statutes, would clearly apply. This
article reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed. Nothing contained in this article shall authorize any commissioners court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

As pointed out in the case of Edwards v. Lubbock County, 33 S. W. (2d) 482, there is no statutory provision directing the method, manner or length of time that real estate of the county sold under Article 1577, V. A. T. C. S., must be advertised before it may be sold at public auction. We quote from the court's opinion in said case as follows:

"This land was not school land. We find no statutory provision directing the method, manner or length of time that such real estate must be advertised before it may be sold at public auction. The term 'advertisement' is synonymous with notice and is a means or method of attracting public attention. The object of the statute in providing the sale at public auction is to secure to the county a fair price for the property. . . ."

"Public auctions" and "public sales" are synonymous. See In re Newbrough, 236 N. W. 233, 235.

A sale to be a "public sale" must be held in a public place, a place to which the public as such has access, and must be made pursuant to some notice of the time and place of such sale in order that the purchasers may advise themselves in the terms and the title to the property and be able to bid intelligently. See Dulin v. National City Bank, 150 N. E. 426, 428.

The term "public place" with respect to sales at public auction has been held to mean such a place that adver-

tisement posted in it would be likely to attract general attention so that its contents might reasonably be expected to become a matter of notoriety in the vicinity; and the term "public sale" demands notice to a sufficient number of people to insure fairness of the sale and to promote competitive bidding. See Standley v. Knapp, 298 P. 109.

Article 3808, Vernon's Annotated Texas Civil Statutes, cited by you in your telegram, provides the statutory method of making sales of real estate under execution, order of sale or venditioni exponas.

It is our opinion that while there is no statutory provision directing the method, manner or length of time that real estate of the county must be advertised before it may be sold at public auction under Article 1577, supra, such sale must be a "public sale" as above defined, must be held in a "public place" as above defined, and must be advertised for a reasonable time dependent upon the circumstances. It is our further opinion that while it is not mandatory that Article 3808, V. A. T. C. S., be followed, the following of such article would be, we think, a safe and sound procedure.

Under Article 1577, supra, the Commissioners' Court, in the manner prescribed, has authority to sell the entire interest in a tract or tracts of county land (not constituting school land). It is our opinion that the authority to sell the whole of the tract or tracts of land would include the lesser power of selling the gravel and caliche in and on said land even though the terms of the sale might or would in law constitute the transaction a sale of personal property rather than of real property.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED JUN 23, 1942

ASSISTANT
ATTORNEY GENERAL

WJF:GG



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN